**UNITED STATES of America,**
**Appellee,**

v.

**Ali K. KASSIM, Defendant–Appellant.**

**No. 04–1304–CR.**

United States Court of Appeals,
Second Circuit.

April 28, 2005.

B. Alan Seidler, New York, NY, for Appellant.

Taryn A. Merkl, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of

New York, Peter A. Norling, Assistant United States Attorney, on the brief) Brooklyn, NY., for Appellees.

Present: KEARSE, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** as to the conviction and the case is **REMANDED** for sentencing proceedings consistent with *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

Ali K. Kassim appeals from March 2004, judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), convicting him after a jury trial of one count of conducting an unlicensed money transmitting business in violation of 18 U.S.C. § 1960(a), and one count of conspiracy to do so. Kassim was sentenced to five months' imprisonment, five months' home confinement, three years supervised release, and a $200 special assessment. Kassim was released from the Bureau of Prison's custody on April 12, 2004, has completed his period of home confinement, and is currently on supervised release. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Kassim argues that there was insufficient evidence to support the jury's verdict—more specifically, that he was a customer rather than an operator of the business. "A defendant bears a heavy burden in seeking to overturn a conviction on grounds that the evidence was insufficient." *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002) (quoting *United States v. Samaria*, 239 F.3d 228, 233 (2d Cir.2001)) (internal quotation marks omitted). Viewing the evidence in the light most favorable to the government, we conclude that there was sufficient evidence to support the jury's guilty verdict.

Further, Kassim argues that he was sentenced based upon facts found by the judge rather than by the jury, in violation of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), "a ruling that *Booker* has now explicitly applied to the Guidelines." *United States v. Williams*, 399 F.3d 450, 453 (2d Cir.2005). In light of the Supreme Court's recent opinion in *Booker*, this case must be remanded to the district court for proceedings consistent with this Circuit's recent decision in *Crosby*.

For the foregoing reasons, the judgment of conviction is hereby **AFFIRMED** and the case is **REMANDED** for further sentencing proceedings consistent with *Booker* and *Crosby*. The mandate shall issue immediately.